IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J. ALEXANDER INVESTMENTS, INC., <br><br>          Plaintiff, <br><br>      vs. <br><br>PHILLIP ANDREW IRONS, MICHAEL ZAPARA, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, , <br><br>          Defendants. | CIVIL NO. 08-00420 HG-LEK |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL ZAPARA**

Before the Court is Plaintiff J. Alexander Investments, Inc.'s ("Plaintiff") Motion for Default Judgment Against Defendant Michael Zapara ("Motion"), filed on July 15, 2009. Defendant Zapara has not responded to the Motion or otherwise appeared in this case. This matter came on for hearing on August 13, 2009. Appearing on behalf of Plaintiff was Grant Kidani, Esq. After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below and that an evidentiary hearing be held to determine the amount of Plaintiff's damages.

**BACKGROUND**

Plaintiff filed the instant action against Defendant

Philip Irons and Defendant Michael Zapara (collectively, "Defendants") on September 18, 2008.  Plaintiff is a corporation incorporated in the State of California.  Defendants and James Lull ("Lull"), who is not named as a defendant in the case, are residents of Kauai, Hawaii.  Plaintiff alleges that Defendants and Lull approached Plaintiff with a short term, high yield investment opportunity.  [Complaint at ¶¶ 7-12.] Defendants and Lull sought to borrow $275,000.00 (the "Loan") from Plaintiff for the investment which was to be repaid from the sales of a property development project on Kauai.  [Id. at ¶¶ 10-13.]  The Loan was to be secured by a note and a mortgage on real property located on Kauai.  Plaintiff alleges that it loaned the money to Defendants and Lull but that they have failed to repay any of the amounts due under the Loan.  [Id. at ¶ 30.]

       Plaintiff asserts the claims of negligence (Count I), misrepresentation (Count II), fraud (Count III), breach of contract (Count IV), promissory estoppel (Count V), unjust enrichment (Count VI), and theft/conversion (Count VII), against the Defendants.  Plaintiff seeks special, consequential and punitive damages and injunctive relief if appropriate.

       Plaintiff attempted to serve Defendant Zapara in person at his residence with a copy of the Summons and Complaint on December 12, 2008.  Plaintiff also attempted to serve Defendant Zapara in person on January 23, 2009, at a court hearing

Defendant Zapara was scheduled to appear at in another matter. Both attempts were unsuccessful. Plaintiff further attempted to serve Defendant by certified mail at his P.O. Box address on the Island of Kauai, but to date, no Return Receipt by the U.S. Postal Service has been returned. On April 24, 2009, Plaintiff filed its Ex Parte Motion for Service by Publication for Defendant Zapara. On July 6, 2009, Defendant Zapara failed to appear at the hearing on the Ex Parte motion. On July 14, 2009, the Clerk of the Court granted Plaintiff's request for entry of default.

## DISCUSSION

### I. Default Judgment

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). A plaintiff who obtains an entry of default, however, is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004). Default judgments are disfavored; cases should be decided on the merits if possible. See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993). Thus, "any doubts as to the propriety of a default are usually resolved against the party

seeking a default judgment." <u>VonGrabe v. Sprint PCS</u>, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, a court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Warner Bros.</u>, 346 F. Supp. 2d at 1071-72 (quoting <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The factors that the Court must consider in deciding whether to grant default judgment fall largely in Plaintiff's favor: (1) Defendant Zapara's failure to answer or otherwise appear in this action prejudices Plaintiff's ability to achieve a decision against him; (2) Plaintiff has demonstrated that it loaned the money to Defendant Zapara and or Defendants and that they have failed to repay any of the amounts due under the Loan; (3) Plaintiff has sufficiently alleged claims for negligence, misrepresentation, fraud, breach of contract, promissory estoppel, unjust enrichment, and theft/conversion against Defendant Zapara; and (4) there is a significant amount of

4

damages at stake.

Two of the seven factors are neutral because Defendant Zapara has failed to answer or otherwise participate in this litigation: (1) the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect. The last factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, favors denial of the Motion.  This Court finds that, on balance, the record favors granting default judgment.  This Court therefore RECOMMENDS that the district judge GRANT Plaintiff's request for default judgment against Defendant Zapara.

## II. **Damages**

Default judgment may be entered "without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  <u>Taylor Made Golf Co. v. Carsten Sports, Ltd.</u>, 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)).  Such evidence is not available in the existing record.  Moreover, Plaintiff concedes in the Motion that a hearing will need to be held to determine the amount of damages. This Court therefore RECOMMENDS that an evidentiary hearing be held to determine the amount of Plaintiff's damages.

## **CONCLUSION**

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant Michael Zapara, filed July 15, 2009, be GRANTED.  The Court RECOMMENDS that the district judge: 1) grant default judgment in favor of Plaintiff and against Defendant Michael Zapara; and 2) hold an evidentiary hearing to determine the amount of Plaintiff's damages.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 9, 2009.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**J. ALEXANDER INVESTMENTS, INC. V. PHILLIP ANDREWS IRONS, ET AL; CIVIL NO. 08-00420 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL ZAPARA**