IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| J. ALEXANDER INVESTMENTS, INC., | ) ) ) | CIVIL NO. 08-00420 HG-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| PHILLIP ANDREW IRONS, MICHAEL ZAPARA, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, , | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT PHILLIP ANDREW IRON'S
MOTION TO STRIKE FIRST AMENDED COMPLAINT**

Before the Court is Defendant Phillip Andrew Irons'
("Defendant Irons") Motion to Strike Plaintiff's First Amended
Complaint ("Motion"), filed on October 19, 2008.  Plaintiff J.
Alexander Investments, Inc. ("Plaintiff") filed its memorandum in
opposition on November 6, 2009, and Defendant Irons filed its
reply on November 13, 2009.  The Court finds this matter suitable
for disposition without a hearing pursuant to Rule LR7.2(d) of
the Local Rules of Practice of the United States District Court
for the District of Hawaii ("Local Rules").  After careful
consideration of the Motion, supporting and opposing memoranda,
and the relevant legal authority, Defendant Irons' Motion is
HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff filed the instant action against Defendant Irons and Defendant Michael Zapara ("Defendant Zapara") on September 18, 2008.  On October 15, 2009, Plaintiff filed its First Amended Complaint adding new defendants Tricia Castillo-De Forge, Jeffrey Uldricks and U.S. Financial Mortgage Corp. (collectively with Defendants Irons and Zapara, "Defendants"). Plaintiff is a corporation incorporated in the State of California.  Defendants and James Lull ("Lull"), who is not named as a defendant in the case, are residents of Hawaii.  Plaintiff alleges that Defendants and Lull approached Plaintiff with a short term, high yield investment opportunity.  [First Amended Complaint ("FAC") ¶ 12.]  Defendants and Lull sought to borrow $275,000.00 (the "Loan") from Plaintiff for the investment which was to be repaid from the sales of a property development project on Kauai.  [Id. ¶¶ 21-23.]  The Loan was to be secured by a note and a mortgage on real property located on Kauai.  [Id. ¶ 24.]

On May 3, 2006, Lull and Defendant Irons mortgaged real property to secure the Loan in the amount of $275,000 as indicated in the "Short Form Deed of Trust and Assignment of Rents" ("Deed of Trust") and "Note Secured by Deed of Trust" ("Note").  [Id. ¶ 28.]  The property securing the Loan was real property located in Hanalei, Hawaii ("Real Property").  [Id. ¶ 29.]  Plaintiff alleges that Lull and/or Defendant Irons

2

purposefully executed the Deed of Trust with errors so that it could not be filed or recorded. [Id. ¶ 31.] On May 5, 2006, Lull and Defendant Irons also executed the Note. [Id. ¶ 32.] One week later, however, Plaintiff alleges that Lull transferred his interest in the Real Property to Defendant Uldricks, and recorded such transfer on June 13, 2006. [Id. ¶¶ 33, 35.]

On June 1, 2006, Plaintiff funded $200,000 of the Loan by way of a bank wire transfer. [Id. ¶ 34.] On June 27, 2006, Plaintiff funded an additional $50,000. [Id. ¶ 36.] The remaining balance of the Loan in the amount of $25,000 was withheld by Plaintiff for payment of fees associated wit the Loan. [Id. ¶ 37.] On August 3, 2006, Plaintiff alleges that the Note became due but that Defendants have failed to repay any of the amounts due under the Loan. [Id. at ¶ 30.]

Plaintiff asserts the claims of negligence (Count I), misrepresentation (Count II), fraud (Count III), breach of contract (Count IV), promissory estoppel (Count V), unjust enrichment (Count VI), and theft/conversion (Count VII), against the Defendants. Plaintiff seeks special, consequential and punitive damages and injunctive relief if appropriate.

On October 19, 2008, Defendant Irons filed the instant Motion contending that the First Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure which requires a short and plain statement of a party's claim for

3

relief and that each averment be "simple concise and direct."  In
addition, Defendant Irons contends that the First Amended
Complaint does not meet the requirements of Rule 9(b) requiring
that claims for fraud be pled with particularity.  In particular,
Defendant Irons complains of Plaintiff's use of the term "and/or"
when making allegations about multiple defendants.  For example,
Defendant Irons points to paragraph 22 of the First Amended
Complaint which states "Lull, and/or Defendant Irons and/or Doe
Defendants sought to borrow $275,000 from Plaintiff for this
investment."  Defendant Irons contends that use of such term
makes it impossible to know what he is being accused of and what
allegations pertains to others.  Defendant Irons also points to
paragraph 13 of the First Amended Complaint which he asserts is
even more confusing: "Lull, and or Zapara, and/or Irons, as
represented by Lull and/or Zapara and/or Uldricks and/or USF
Mortgage, and/or Doe Defendants represented that Lull was an
investor in a large scale property."  Defendant Irons asserts
that this similar pattern of ambiguous and "unintelligible"
allegations are persistent throughout the First Amended
Complaint.

        Defendant Irons argues that concise and direct
allegations are both necessary and useful in enabling him to
properly respond to the First Amended Complaint.  For example, if
the allegation against Defendant Irons is that he or multiple

4

other defendants did something, a proper response would be to claim a lack of sufficient knowledge or information to respond even if he was involved.  In contrast, if the allegation is that he _and_ other defendants did something together, a denial would be appropriate where he was not involved.  In addition, Defendant Irons asserts that if the allegation is specific and intelligible, sanctions under Rule 11 may be available if they are unfounded.

Defendant Irons argues that dismissal is proper when the complaint is confusing, distracting, ambiguous and unintelligible.  [Mem. in Supp. at 4 (citing Schmidt v. Hermann, 614 F.2d 1221 (9th Cir. 1980)).]  Further, the Ninth Circuit requires in fraud claims that a plaintiff must, at a minimum, identify the role of each defendant on the alleged fraudulent scheme.  [Id. (citing Schwartz v. KPMG LLP, 476 F.3d 756, 764-765 (9th Cir. 2007)).]  Also, such claims must include the who, what, when, where and how.  Defendant Irons claims that none such details can be found in the paragraphs 22-24 or 49, 51 (describing alleged misrepresentations) and 51 (referring to fraudulent acts) in the First Amended Complaint.  Defendant Irons also notes that Plaintiff is not a pro se litigant whose unfamiliarity with these requirements might be excused.

In its opposition, Plaintiff first contends that the First Amended Complaint meets the requirements of Rule 8.

Plaintiff asserts that under Rule 8, specific facts are not necessary and that the plain, short statement required need only give the defendant a fair notice of what the claims and the grounds upon which it rests.  [Mem. in Opp. at 5 (citing Erickson v. Pardus, 551 U.S. 89 (2007)).]  Plaintiff argues that although it admittedly uses the phrase "and/or", the allegations provide the detail showing that Defendant Irons was involved in a scheme to defraud Plaintiff.

Plaintiff next contends that it has also pled fraud in this case with particularity.  Plaintiff asserts that Rule 9(b) does not require a pleading of detailed evidence regarding each alleged fraudulent act so long as it identifies the circumstances constituting fraud sufficient to allow the defendant to prepare an adequate answer from the allegations.  [Id. at 6 (citing Neubronner v. Miliken, 6 F.3d 666, 671-72 (9th Cir. 1977)).]  Plaintiff argues that the First Amended Complaint sufficiently alleges that (I) Defendants Lull and Iron fraudulently schemed to "borrow" $275,000 from Plaintiff for use in a safe, high yield investment to be secured by real property, (ii) Defendants had no intention of repaying Plaintiff and intentionally executed the deed of trust with errors so that it could not be recorded, and (iii) Defendants received the loan proceeds from Plaintiff but have failed to repay them.  [Id. at 7, Exh. 1 (FAC)).]

Moreover, Plaintiff contends that newly discovered

facts show that (I) Defendant Irons, through his parents, had a business relationship with Lull, (ii) Mr. Irons executed the Deed of Trust and Note on behalf of Defendant Irons, and (iii) Defendant Irons is a partial owner of the real property that was to secure the loan from Plaintiff.  In the alternative, Plaintiff argues that it should be allowed to leave to clarify any ambiguities in the First Amended Complaint.[1]  Plaintiff notes that it raised its fraud claim from the beginning, and allowing it leave to amend such claim at this time, especially where discovery is still in its early stages, will not be prejudicial to defendants.  Furthermore, Plaintiff also argues that there has been no undue delay, bad faith or dilatory motive on its behalf. Plaintiff asserts that Defendant Irons failed to disclose prior to his deposition that he had a relationship with Lull and that his parents had the power of attorney to make financial decisions on his behalf.  Plaintiff states that it intends to depose Defendant Irons' parents on these matters as they possess relevant information to its claims that should have been previously disclosed.  Finally, Plaintiff notes that Defendant Irons failed to raise any objection to the proposed First Amended Complaint when it filed its motion for leave to amend.

        In its reply, Defendant Irons largely reiterates its

---

[1] To the extent Plaintiff is requesting leave to amend its First Amended Complaint, Plaintiff should file the proper motion regarding such request.

arguments made in the supporting memorandum.  In addition,

Defendant Irons takes issue with Plaintiff's recollection of the

Defendant Irons' deposition testimony concerning the assertion

that Defendant Irons' father signed the Deed of Trust and the

Note.  Defendant Irons contends that such testimony instead

concerned his father's signature in a notary book.  Defendant

Irons also disagrees that Plaintiff's request for leave to amend

should be granted.  Defendant Irons notes that the trial is

scheduled for February 2010 and argues that Plaintiff should not

be allowed to amend at this late date.  Finally, Defendant Irons

also contends that Plaintiff should not be allowed any

continuances for additional discovery in this case.

## DISCUSSION

Whether to strike a matter pursuant to Federal Rule of

Civil Procedure 12(f) is within the court's discretion.  See

Nurse v. United States, 226 F.3d 996, 1000 (9th Cir. 2000).  Rule

12(f) states:

> The court may strike from a pleading an
> insufficient defense or any redundant, immaterial,
> impertinent, or scandalous matter.  The court may
> act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before
> responding to the pleading or, if a response is
> not allowed, within 20 days after being served
> with the pleading.

Motions to strike are not favored and must be viewed in the light

most favorable to the non-moving party.  See <u>Wailua Associates v.</u>
<u>Aetna Cas. & Sur. Co.</u>, 183 F.R.D. 550, 553-54 (D. Haw. 1998).
The basis for the motion "must be must be readily apparent from
the face of the pleadings or from materials that may be
judicially noticed."  <u>Id.</u> at 554 (citing <u>Fantasy, Inc. v.</u>
<u>Fogerty</u>, 984 F.2d 1524, 1528 (9th Cir. 1993), <u>rev'd on other</u>
<u>grounds</u>, 510 U.S. 517 (1994)).

　　　　The purpose of a Rule 12(f) motion is to dispose of
spurious issues before trial to avoid the unnecessary expenditure
of time and money.  See <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697
F.2d 880, 885 (9th Cir. 1983).  "Motions to strike may be granted
if it is clear that the matter to be stricken could have no
possible bearing on the subject matter of the litigation."
<u>Wilkerson v. Butler</u>, 229 F.R.D. 166, 170 (E.D. Cal. 2005)
(citations and quotation marks omitted); <u>see also</u> <u>Wailua Assocs.</u>,
183 F.R.D. at 553-54 (quoting 2A Moore's Federal Practice, ¶ 12-
207-08) (some citations omitted).  "Motions to strike, however,
are disfavored in the absence of prejudice. . . . [A] motion to
strike is a severe measure and it is generally viewed with
disfavor [and is] not normally granted unless prejudice would
result to the movant from the denial of the motion."  <u>Wailua</u>
<u>Assocs</u>. 183 F.R.D. at 555 (citations and quotation marks omitted)
(some alterations in original).

　　　　Under the standard set forth above, Defendant Irons'

request to strike Plaintiff's First Amended Complaint is
unwarranted.  Although the allegations set forth in the First
Amended Complaint could benefit from additional description,
precision and clarity, the Court finds that they sufficiently set
forth a short, plain statement of the claims, and bases for such
claims, asserted by Plaintiff.  The Court also finds that
Plaintiff's claims for fraud and misrepresentation are adequately
detailed.  The constellation of possible defendants and the use
of the phrase "and/or" to connect those possible defendants to
the alleged fraudulent conduct does not diminish or cloud the
details of the underlying factual allegations of Plaintiff's
claims.  In addition, when those claims of fraud and
misrepresentation are viewed in the context of all the
allegations made in the First Amended Complaint, it is quite
evident that, as alleged, Defendant Irons may be culpable in some
fashion.  Therefore, Defendant Irons' request to strike or
dismiss the First Amended Complaint is denied.[2]

### CONCLUSION

On the basis of the foregoing, Defendant Irons' Motion

---

[2] The Court notes, as Plaintiff points out, that Defendant
Irons had an opportunity to oppose the First Amended Complaint
when Plaintiff first moved for leave to amend to file such
pleading on September 14, 2009.  The proposed First Amended
Complaint attached as an exhibit to Plaintiff's motion for leave
is identical to the actual First Amended Complaint filed by
Plaintiff.  However, there is no responsive memorandum or other
pleading on file, made by Defendant Irons, which opposed or
otherwise objected to the proposed First Amended Complaint.

to Strike Plaintiff's First Amended Complaint, filed October 19, 2009, is HEREBY DENIED and hearing on November 24, 2009 at 2:30 p.m. is HEREBY VACATED.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, November 18, 2009.



                           /S/ Leslie E. Kobayashi
                          Leslie E. Kobayashi
                          United States Magistrate Judge

**J. ALEXANDER INVESTMENTS, INC. V. PHILLIP ANDREW IRONS, ET AL.;** **CIVIL NO. 08-00420 HG-LEK; ORDER DENYING DEFENDANT PHILLIP IRON'S MOTION TO STRIKE FIRST AMENDED COMPLAINT**